# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR -3 PM 4: 43

CLERK _____
SO. DIST. OF GA.

JEFFREY LAMONT GREENE,   )
                           )
      Petitioner,         )
                           )
v.                        )     Case No.  CV406-257
                           )
ROBERT LEVERETT, Warden,   )
et al.,                      )
                           )
      Respondents.     )

## <u>REPORT AND RECOMMENDATION</u>

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the Court recommends that the petition be DISMISSED.

## I.    BACKGROUND

On August 14, 2002, a Chatham County grand jury indicted petitioner on charges of sale of a controlled substance (counts 1 and 5), use of a communication facility in the commission of a felony (counts 2, 3, and 6),

sale of non-controlled substance (count 4), criminal attempt to commit sale of a controlled substance (count 7), and recidivism (count 8). Resp. Ex. 5. On October 20, 2004, petitioner appeared with counsel and entered a guilty plea to counts 1-3, 5, and 6 of the indictment. Id. Counts 4 and 7 were dismissed by an order of nolle prosequi. Id. The trial court accepted petitioner's guilty plea and sentenced him to a 30-year sentence, with eight years to serve on counts 1 and 5 and four years to serve on counts 2, 3, and 6, concurrent with count 1. Id.

Petitioner filed a state habeas petition on September 21, 2005. Resp. Ex. 1. Following an evidentiary hearing, the state habeas court denied relief on January 26, 2006. Resp. Ex. 2. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal on July 13, 2006, and his motion for reconsideration on July 28, 2006. Resp. Exs. 3, 4.

Petitioner executed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 12, 2006, asserting the following grounds for relief:

(1)    Trial counsel was ineffective for:
       (a)    failing to adequately represent petitioner;

      (b)only visiting petitioner "right before court";

      (c)    threatening petitioner with a recidivism charge and "many years" in prison.

(2)    The prosecuting attorney acted vindictively when he sought a recidivist charge against petitioner.

(3)    Petitioner was denied equal protection of the law when the prosecuting attorney charged him as a recidivist but failed to charge other known drug dealers and defendants with three or more prior felonies as recidivists.

Doc. 1.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In <u>Neeley v. Nagle</u>, 138 F.3d 917,

922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." Id. at 923.[1] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neeley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

---

[1] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh, 96 F.3d at 869; accord Green, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,'nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the
> bounds of what is "reasonable"; a state decision
> within those limits must be respected — not because

---

[2]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

> it is right, or because federal courts must abandon
> their independent decisionmaking, but because the
> grave remedy of upsetting a judgment entered by
> another judicial system after full litigation is
> reserved for grave occasions. That is the principal
> change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769-). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[3]

---

[3]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:

> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent

The Eleventh Circuit has recognized that the "reasonable jurist" standard, which the Neeley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 120 S. Ct. at 1521-22 (emphasis added). The court then

---

with the facts and circumstances of the case.
Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); see Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." Hennon, 109 F.3d at 334 (citation omitted); see also Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying Strickland would justify granting habeas relief); Berryman v. Horton, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III.  ANALYSIS

### A.    Ineffective Assistance of Counsel

In grounds 1(a)-1(c), petitioner asserts various claims of ineffective assistance of trial counsel. Doc. 1. Petitioner raised each of these claims in his state habeas petition before the Superior Court of Richmond County, which found that petitioner had failed to meet his burden of showing ineffectiveness of trial counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Resp. Ex. 2 (state habeas decision). While a guilty plea prevents a petitioner from raising claims of constitutional violations that occurred prior to the entry of the plea, Tollett v. Henderson, 411 U.S. 258, 267 (1973), "[i]t is axiomatic that a guilty plea

'lacks the required voluntariness and understanding if entered on the advice of counsel that fails to meet the minimum standards of effectiveness derived from' the Sixth Amendment." United States v. Sanderson, 595 F.2d 1021, 1021 (5th Cir. 1979) (per curiam) (quoting Trahan v. Estelle, 544 F.2d 1305, 1309 (5th Cir. 1977). The effectiveness of counsel in cases resulting in the entry of a guilty plea is measured by the familiar two-part test in Strickland. Hill v. Lockhart, 474 U.S. 52, 58 (1985). This requires that petitioner demonstrate (1) that his counsel's assistance fell below an objective standard of reasonableness and (2) but for his counsel's ineffectiveness there is a reasonable probability that "he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

In ground 1(a), petitioner alleges that trial counsel was ineffective for failing to adequately represent him. Doc. 1. The state habeas court held that petitioner's trial counsel "secured a sentence for the petitioner that was substantially more favorable than the standing offer from the prosecution in the face of overwhelming evidence of guilt [and] without a meaningful defense." Resp. Ex. 2. The court, therefore, concluded that counsel's performance was neither deficient nor harmful to petitioner, and did not amount to ineffective representation under Strickland. Id.

In ground 1(b), petitioner alleges that trial counsel was ineffective for only visiting him "right before court." Doc. 1. The state habeas court held that petitioner's trial counsel "acted more than reasonably on the petitioner's behalf." Resp. Ex. 2. According to the state habeas court, counsel met with members of petitioner's family and communicated with the petitioner and his family on the telephone. Id. Counsel also arranged for the petitioner and his family to review the audio and video evidence prior to the entry of the plea. Id. The court further held that "counsel thoroughly investigated the available claims and defenses, communicated effectively with the petitioner, and adequately prepared for trial." Id. Counsel's performance, therefore, did not amount to insufficient representation under Strickland. Id.

In ground 1(c), petitioner alleges that trial counsel was ineffective for threatening petitioner with a recidivism charge and "many years" in prison. Doc. 1. The state habeas court reviewed this claim and determined that plaintiff intelligently and voluntarily entered his guilty plea, and that trial counsel did not force petitioner to accept a plea of guilty. Resp. Ex. 2. "It is beyond dispute that a guilty plea must be both knowing and voluntary." Parke v. Raley, 506 U.S. 20, 28 (1992). These requisites are essential

because of the number of constitutional rights implicated by a guilty plea and the consequences of such a plea. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." Id. at 243 n.5; see also Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) (en banc) (explaining that only due process concerns, not the more stringent requirements of Rule 11 of the Federal Rules of Criminal Procedure, apply to federal review of a state entry of a guilty plea).

The state habeas court reviewed the pre-sentencing questionnaire and the plea hearing, both of which indicate that the plea was entered voluntarily, knowingly, and intelligently. Resp. Ex. 2. At the plea hearing, the trial court specifically advised petitioner of the charges he faced, and the maximum and minimum penalties for those charges. Resp. Ex. 5 at 7-8. Petitioner stated that he understood the charges and the possible sentences. Id. at 8. Petitioner told the court that he had not been threatened or coerced to plead guilty and that his plea was voluntary. Id. at 10. Petitioner also told the court that he was satisfied with the amount of time

spent with his attorneys.[4]  Id.  In short, the record demonstrates that petitioner was represented by competent counsel prior to and during the plea hearing.  While petitioner claims that his attorney coerced him into pleading guilty by telling him he could face "many years" in prison, it is well-settled that a guilty plea entered to avoid a more severe sentence is valid.  North Carolina v. Alford, 400 U.S. 25, 30 (1970); Brady v. United States, 397 U.S. 742, 749 (1970).  Petitioner has failed to demonstrate that any statements made by his attorney went beyond informing him of the harsh sentence he could receive if he proceeded to trial and was convicted, or that he entered his plea due to impermissible promises or threats.  In affirming the validity of petitioner's guilty plea, the state habeas court reasonably applied Boykin and Strickland.

Because petitioner has failed to demonstrate any incompetence on behalf of his counsel, his allegation of an involuntary guilty plea on the basis of ineffective assistance of counsel must fail.  See Hill, 474 U.S. at 61-62 (White, J., concurring) (noting that without an allegation of incompetence on behalf of counsel the petitioner cannot be entitled to

---

[4] Petitioner was represented by a second attorney, Mr. Sage Brown, and according to the plea hearing transcript, petitioner had an opportunity to consult with both attorneys prior to entering his plea. Resp. Ex. 5.

relief).  In evaluating each of these claims, the state habeas court applied Supreme Court precedent and concluded that trial counsel's performance did not constitute ineffective assistance of counsel as contemplated in Stickland, and that petitioner voluntary and intelligently entered his guilty plea as required by Boykin.  Consequently, this Court must adhere to the state habeas court's reasonable application of proper Supreme Court precedent and find that petitioner's claims on the above grounds are without merit.  Accordingly, petitioner's claims on grounds 1(a)-1(c) should be DENIED.

### B.  Prosecutorial Vindictiveness

Petitioner alleges in ground 2 that the prosecutor acted "vindictively"when he charged petitioner as a recidivist.  Doc. 1.  Plaintiff raised this claim in his state habeas petition, which found that petitioner had produced insufficient evidence to support this claim.  Resp. Ex. 2.

While respondent argues that petitioner has waived this claim by pleading guilty, a guilty plea does not preclude the defendant from challenging the indictment as a product of prosecutorial vindictiveness.  See Blackledge v. Perry, 417 U.S. 21, 31 (1974).  The Supreme Court reasoned that a defendant was asserting his right "not to be haled into court at all

upon the felony charge" and concluded that "[t]he very initiation of proceedings against him . . . operated to deny him due process of law." Id. at 30-31.

Prosecutorial vindictiveness involves a prosecution resulting from the imposition of punishment against an accused in retaliation for the exercise of a protected right, rather than the legitimate exercise of prosecutorial discretion. North Carolina v. Pearce, 395 U.S. 711, 725 (1969); United States v. Goodwin, 457 U.S. 368, 372 (1982). The "due process violation" in such cases arises from "the danger that the State might be retaliating against the accused for lawfully attacking his conviction." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (citing Blackledge, 417 U.S. at 26-28. In Bordenkircher, the Supreme Court emphasized that in a situation involving the "give-and-take negotiation common in plea bargaining between the prosecution and defense . . . there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." 434 U.S. at 363. Furthermore, prosecutors have broad discretion in negotiating pleas and can persuade a defendant to forgo his right to plead not guilty without violating the Due Process Clause of the Fourteenth Amendment. Id. at 364. Thus, the Supreme Court has distinguished

between "the impermissible attempt to punish an already-accomplished exercise of appeal rights" and "the permissible attempt to persuade the defendant not to exercise his trial right in the future." United States v. Barner, 441 F.3d 1310, 1316 (11th Cir. 2006) (citation omitted).

Here, petitioner claims that the prosecutor was "vindictive" for charging him as a recidivist because he believed that petitioner was involved in some previous unsolved crime. Doc. 1, Resp. Ex. 2 (state habeas proceeding). There is no evidence, however, that the prosecutor retaliated against petitioner for exercising any legal right. Furthermore, it is undisputed that petitioner was properly chargeable under the Georgia recidivist statute, since he had in fact been convicted of three prior felonies. See O.C.G.A. § 17-10-7(c). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statue, the decision whether or not to prosecute . . . rests entirely in his discretion." Bordenkircher, 434 U.S. at 364.

Here, petitioner was indicted as a recidivist from the outset and the evidence demonstrates that the prosecutor was exercising legitimate prosecutorial discretion in choosing to bring this charge. Petitioner, therefore, has failed to demonstrate any prosecutorial vindictiveness that

would violate his due process rights. Petitioner's claim on ground 3, therefore, should be DENIED.

## C.   Waiver by Entry of Guilty Plea

In ground 3 petitioner raises an equal protection claim that, if effective, would negate his guilty plea. Petitioner raised this claim before the state habeas court, which found that petitioner's claim on this ground was procedurally barred because he pleaded guilty. Resp. Ex. 2. Petitioner has not demonstrated that the state court's findings were contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Therefore, petitioner's claim on ground 3 should be DENIED.

A guilty plea waives all available defenses and objections other than a challenge to the knowing and voluntary nature of the plea. Tollett, 411 U.S. at 267. The state habeas court recognized this Supreme Court standard and relied on it in making its determination. Resp. Ex. 2. The court held that petitioner's claim was procedurally barred because "[a] guilty plea waives all known and unknown defenses." Id. (citing Tollett, 411 U.S. at 258). The state court, therefore, expressly followed Supreme Court precedent, and its decision was not an unreasonable application of

that precedent. Accordingly, petitioner's claim on ground 3 should be DENIED.


## V.    CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED this** 2nd **day of April, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA