FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL 23 AM 9: 24

CLERK
SO. DIST. OF GA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEFFREY LAMONT GREENE,

    Petitioner,

v.       406CV257

ROBERT LEVERETT,

    Respondent.

## O R D E R

28 U.S.C. § 2254 petitioner Jeffrey Lamont Greene pursues habeas relief from this Court because, he argues, he received ineffective assistance of counsel (IAC) when he pled guilty to drug and recidivism-based charges.[1] Doc. # 1 at 2. He also claims that he was denied Equal Protection and suffered prosecutorial vindictiveness. *Id.* at 4-5 & attachs.

Greene failed, the Magistrate Judge (MJ) concluded in his comprehensive Report and Recommendation (R&R), to show that the state habeas court erred in denying his IAC and other claims. Doc. # 11 at 17. Thus, the MJ advised the Court to deny the petition. *Id.* The MJ also warned him of the 4/16/07 deadline for objecting to the R&R. Doc. # 12. Greene sought no extension of time. In adopting the R&R, the Court noted that it had received no F.R.Civ.P. 72(b) Objection from Greene. Doc. # 13.

Afterwards, Greene moved for leave to file an out-of-time Objection to the R&R. Doc. # 15. He subsequently filed a Notice of Appeal.

Doc. # 16. This Court construed the motion as sounding under F.R.Civ.P. 59(e), found Greene's motion meritable, granted it, then vacated its 4/24/07 Judgment. Doc. # 14. The Court then directed Greene to place his Rule 72(b) Objections in his prison's mail system by no later than Monday, 7/16/07.

This he has done, doc. # 18, so the Court now turns to them. As the R&R recounts, the State indicted Greene in 2002 for the sale of a controlled substance (counts 1 and 5), use of a communication facility in the commission of a felony (counts 2, 3, and 6), sale of non-controlled substance (count 4), criminal attempt to commit sale of a controlled substance (count 7), and recidivism (count 8). Doc. # 11 at 1-2. Greene's 2004 guilty plea resulted in a 30-year sentence, and he challenged it through state post-conviction remedies. *Id.* at 2. In seeking § 2254 relief here, he argues IAC because his lawyer only visited him "right before court" and threatened him with a recidivism charge and many years in prison. *Id.*

In addition, Greene complains, *inter alia*, that the prosecuting attorney not only acted vindictively when he sought a recidivist charge against him, but violated his equal protection rights by charging him as a recidivist but not other known drug dealers and defendants with three or more prior felonies. *Id.* at 3.

The R&R properly reminds that Federal courts are not authorized to overturn state court judgments absent the high standards required by federal habeas procedural statutes, *see, e.g.*, 28 U.S.C. § 2254(d)(1) (limiting this court's power to grant habeas relief to state court decisions that "resulted in a decision that was contrary to,

---

[1] The state "trial court accepted petitioner's guilty plea and sentenced him to a 30-year sentence, with eight years to serve on counts 1 and 5 and four years to serve on counts 2, 3, and 6, concurrent with count 1." Doc. # 11 at 2.

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"); *Crowe v. Head*, 356 F.Supp.2d 1339, 1348 (N.D.Ga. 2005). Doc. # 11 at 3-8.

The R&R also meticulously recounts the state habeas court's application of the federal IAC standards in a guilty-plea context, including *Strickland v. Washington*, 466 U.S . 668, 687 (1984) and *Hill v. Lockhart*, 474 U.S. 52, 58 (1985),[2] then details how the state habeas court addressed -- within § 2254(d)(1)'s parameters -- each of Greene's claims. Doc. # 11 at 8-17. And, the R&R reminded petitioner that a guilty plea waives all available defenses (such as the equal protection claim that he raises here) and objections other than a challenge to the knowing and voluntary nature of the plea. *Id.* at 16 (*citing Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Rather than show this Court how the R&R erred, Greene simply restates his claims in his R&R Objections. Doc. # 18.[3] While this Court conducts "a *de novo* determination upon the record," S.D.Ga.L.R. 72.3(b), it must at least be informed to what specific R&R error the petitioner objects. Greene has not done that.

Accordingly, the Court **OVERRULES** petitioner Jeffrey Lamont Greene's Objections (doc. # 18), **ADOPTS** the R&R, and **DISMISSES** his petition (doc. # 1) **WITH PREJUDICE**.

This 25 day of July, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Under *Hill*, *Strickland*'s two-part standard for evaluating IAC claims -- requiring that the defendant show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different -- applies to guilty plea challenges based on IAC. To satisfy the "prejudice" requirement, Greene must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 56-60.

[3] One exception -- Greene moves to recuse the undersigned because he believes that his former lawyer, Tom Edenfield, is related. Doc. # 18 at 4 ¶ 7. There is no relation, so this particular Objection is overruled.